# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1456 | **DATE** | 6/28/2002 |
| **CASE TITLE** | Jeffrey Hargett, et al vs. Linda R. Baker, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 11 July 02 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiffs' Motion for Class Certification is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 1 2002 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 02 JUN 28 PM 3:39 | date mailed notice | |
| | | Docketing received in central Clerk's Office | mailing deputy initials | |

JEFFREY HARGETT, KIM A.
OVERLIN, JIMMIE SMITH, and
LOREN K. WALKER, individually,
and on behalf of all persons
similarly situated,

        Plaintiffs,

v.

LINDA R. BAKER, Secretary of
the Illinois Department of
Human Services, MARY BASS,
Head Facility Administrator
for the Illinois Department of
Human Services, TIMOTHY BUDZ,
Facility Director of the
Sexually Violent Persons Unit
at the Joliet Correctional
Center, RAYMOND WOODS,
Clinical Director, and TRAVIS
HINZE, Associate Clinical
Director,

        Defendants.

Case No. 02 C 1456

Hon. Harry D. Leinenweber

FILED
JUN 28 2002
Judge Harry D. Leinenweber
U.S. District Court

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jeffery Hargett, Kim A. Overlin, Jimmie Smith, and Loren K. Walker brought this action individually and on behalf of a class of persons similarly situated against Defendants Linda R. Baker, Secretary of the Illinois Department of Human Services, Mary Bass, Head Facility Administrator for the Illinois Department of Human Services, Timothy Budz, Facility Director of the Sexually Violent Persons Unit at the Joliet Correctional Center, Raymond Woods, Clinical Director, and Travis Hinze, Associate Clinical



Director. Plaintiffs assert a civil rights action pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief. Before the Court is Plaintiffs' motion for class certification pursuant to FED.R.CIV.P. 23.

## BACKGROUND

Concerned with alarmingly high recidivism rates among sex offenders, states began in the 1990's to enact civil commitment regimes for the detention and treatment of those found to be "sexual predators" or "sexually dangerous." Illinois enacted its version, the Sexually Violent Persons Commitment Act, in 1997. *See* 725 ILCS 207/1 *et seq.* Under Illinois' civil commitment program, a "sexually violent person" ("SVP") is defined as a "person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence." 725 ILCS 207/5(f). Once found to qualify as an SVP under the Act, the person is committed to the custody of the Sexually Violent Persons Unit operated by the Illinois Department of Human Services ("DHS") at its Joliet Correctional Center. *See* 725 ILCS 207/40. SVP's confined under the Act remain in DHS custody until such time as "the person is no longer sexually violent." 725 ILCS 207/40(a). Plaintiffs bring this class action

to challenge what they characterize as the impermissibly punitive conditions of their confinement and the constitutionally inadequate treatment they receive as detainees in the Sexually Violent Persons Unit in Joliet. Specifically, Plaintiffs contend that the punitive conditions and inadequacies of the treatment program work together to deprive SVP's at the Joliet facility of a realistic opportunity to progress through the treatment program and gain their release. Plaintiffs' class action complaint seeks, *inter alia*, a declaratory judgment that the conditions of confinement and mental health treatment of the SVP's violates the Fourteenth Amendment and a permanent injunction against the Defendants compelling them to implement a plan correcting the alleged constitutional deficiencies in the current program.

## **DISCUSSION**

The Federal Rules of Civil Procedure set forth a number of prerequisites that must be present before a court may approve a class. First, the Plaintiffs must satisfy the four requirements of Rule 23(a), which include numerosity, typicality, commonality, and adequacy of representation. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). Furthermore, at least one of the subsections of Rule 23(b) must also be satisfied. In making this determination, the Court does not consider the merits of the case but instead, as with a motion to dismiss, takes the allegations in the complaint as true. *Eisen v. Carlisle & Jacquelin*, 417 U.S.

156, 177, 94 S.Ct. 2140, 2152 (1974). The Plaintiffs shoulder the burden of demonstrating that a class exists, and district courts have broad discretion in ruling on a plaintiff's request. *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474 (7th Cir. 1997).

In addition to the four express requirements of Rule 23, there are two implied requirements: first, an identifiable class must exist (the "definiteness" requirement) and second, the named representatives must be members of the class. *Gomez v. Illinois St. Bd. of Educ.*, 117 F.R.D. 394, 397 (N.D. Ill. 1987). An identifiable and definite class exists if "its members can be ascertained by reference to objective criteria." *National Organization for Women v. Scheidler*, 172 F.R.D. 351 (N.D. Ill. 1997), *citing Gomez*, 117 F.R.D. at 397. The parties should not have to delve into the merits of the case to determine membership in the class. *Toney v. Rosewood Care Center, Inc.*, No. 98 C 0693, 1999 WL 199249, *5 (N.D. Ill. Mar. 31, 1999). If a class is amorphous or indefinite, however, the court has broad discretion to limit or redefine the class to bring it within Rule 23. *See Gomez*, 117 F.R.D. at 397 n.2; 7B Charles A. Wright, Arthur R. Miller, *Federal Practice and Procedure*, § 1760, at 128-29 (2d Ed. 1986).

Plaintiffs seek certification of a class consisting of "all persons who have been, are or will be committed under the [Illinois] Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq.* and placed in the facility in Joliet, Illinois operated by

the Illinois Department of Human Services." This class definition relies on sufficiently objective and readily identifiable criteria to meet the definiteness requirement. *See, e.g., Robert E. v. Lane*, 530 F.Supp. 930, 944 (N.D. Ill. 1980)(noting that a civil rights action challenging the constitutional adequacy of mental health treatment offered to inmates is a "prototypical candidate" for class certification).

While not commenting on the definiteness of the proposed class, Defendants do contend that named Plaintiffs Overlin, Hargett and Smith are not members of the class and lack standing to challenge the SVP treatment program because they were not enrolled in "Core treatment" at the time the class action complaint was filed. Core treatment is an intensive individualized therapy program consisting of cognitive restructuring, relapse prevention and journal-keeping that is intended to move the SVP closer to a determination that they are no longer "sexually dangerous." The fact that Overlin, Hargett and Smith are not or were not in the Core treatment phase of the SVP program when the complaint was filed does not deprive them of standing. To have standing to sue as a class representative, one must "possess the same interest and suffer the same injury shared by all members of the class he represents." *Keele v. Wexler*, 149 F.3d 589, 592-93 (7th Cir. 1998), *citing Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974). Here, the essential allegation of the

complaint is that all SVP's housed in the DHS Joliet facility are subjected to a constitutionally inadequate treatment program that deprives them of any realistic chance to improve and secure their release. The complaint attacks the program in its entirety, not just the Core treatment component. As SVP's detained at the Joliet facility, Hargett, Overlin, Smith and Walker all possess the same interest and suffer the same injury shared by all members of the class and are properly before the court as members of the proposed class with standing to sue. The named Plaintiffs are members of a definite class and the Court will proceed to the express requirements for maintaining a class action.

### Numerosity

The first Rule 23(a) requirement is numerosity, *i.e.*, that the class is so numerous that joinder of all members is impracticable. The proposed class in this case consists of more than 150 individuals. Based on this Court's experience with the management of numerous other cases related to the one at bar, there can be no doubt as to the impracticability of joinder in this case.

### Commonality

Second, Rule 23(a)(2) requires that the class representatives' claims possess "questions of law or fact common to the class." The common questions, however, need not be identical, and a "common nucleus of operative fact is usually enough to satisfy the commonality requirement." *Rosario v. Livaditis*, 963 F.2d 1013,

1017-18 (7th Cir. 1992). A common nucleus of operative fact is typically found where "defendants have engaged in standardized conduct towards members of the proposed class." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Factual variations among class members' grievances do not defeat a class action. *Id.*

Defendants argue that Plaintiffs fail to meet the commonality requirement because the propriety of injunctive or declaratory relief turns on the individual circumstances of each class member's course of treatment, requiring individualized determinations of liability. Whatever the factual variations among the individual SVP's mental health needs may be, the Plaintiffs' attack on the SVP treatment program is premised on a broad allegation that the Defendants engaged in standardized conduct toward the members of the proposed class that deprives all its members of a meaningful opportunity to secure their release. *See John v. DeLeonardis*, 145 F.R.D. 480, 483 (N.D. Ill. 1992)(stating that where the defendant engages in a single course of conduct that results in injury to the class as a whole, a common core of operative facts is usually present). *See also* FED.R.CIV.P. 23(b)(2), Advisory Comm. Notes (stating that action or inaction is directed to a class within the meaning of subdivision (b)(2) even if it has taken actual effect as to only one or a few members of the class, provided it is based on grounds which have general application to the class as a whole). The Court finds that Plaintiffs have established commonality.

## Typicality

The third Rule 23(a) requirement, typicality, is met "[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented." *Edmondson v. Simon*, 86 F.R.D. 375, 381 (N.D. Ill. 1980). Whether the Plaintiffs' claims are typical of those of the class members they represent is closely related to the commonality inquiry. *Keele*, 149 F.3d at 595. A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id., citing De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citations and internal quotation omitted). The Seventh Circuit has explained that the typicality requirement directs the "district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *De La Fuente*, 713 F.2d at 232.

Defendants argue that Plaintiffs' alleged mistreatment, as it relates to each class member, is unique and that the claims of each individual class member require the application of separate defenses and determinations of liability. The Court disagrees. The named Plaintiffs and the members of the proposed class, while all subjected individually to varying treatment, are united in their allegation that they all receive constitutionally inadequate

treatment flowing from the same systematic deficiencies in Defendants' program. Furthermore, even though some of the facts underlying each person's claims may vary, they do not create any conflicts between the members of the proposed class. *See Cook*, 151 F.R.D. at 378. The named representatives' claims share the same essential characteristics as the claims of the class at large and Plaintiffs have satisfied the typicality requirement.

### Adequacy

To satisfy the adequacy requirement, the class representatives must demonstrate that: (1) they do not have any antagonistic or conflicting claims with other members of the class; (2) they have a sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) their counsel is competent, qualified, experienced, and able to vigorously conduct the litigation. *Sebo v. Rubenstein, M.D.*, 188 F.R.D. 310, 316 (N.D. Ill. 1999). Here, Defendants do not challenge certification of the class on adequacy grounds. It appears to the Court that the class representatives possess sufficient interest in the outcome of the case and that they do not have any antagonistic or conflicting claims with other members of the class. The Court notes that Plaintiffs' counsel has extensive experience in this type of institutional litigation and finds Plaintiffs' counsel to be well-qualified to litigate this action on behalf of the class.

## Rule 23(b)

Having met the requirements of Rule 23(a), Plaintiffs must also meet at least one of the subsections of Rule 23(b). Plaintiffs' § 1983 action seeks declaratory and injunctive relief to remedy what they perceive as systematic constitutional deficiencies in the treatment program offered to SVP's at the Joliet facility. Rule 23(b)(2) authorizes class actions when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Defendants make no arguments in response, and as already noted above, an inmate civil rights action challenging the constitutionality of their treatment is a "prototypical candidate" for class certification under Rule 23(b)(2).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for class certification pursuant to Rule 23(b)(2) is GRANTED.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: June 28, 2002