

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAR 2 5 2005

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

JEFFERY HARGETT, et al.,

Plaintiffs,

v.

CAROL ADAMS, Secretary of the
Illinois Department of Human
Services, et al.,

Defendants.

Case No. 02 C 1456

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

The Plaintiffs have filed a Motion to Alter or Amend Judgment pursuant to FED. R. CIV. P. 59(e) seeking a judgment in their favor on the sole issue of whether the Defendants' administration of arousal-reducing medication violates accepted professional judgment, practices and standards as set forth in *Youngberg v. Romeo*, 457 U.S. 307 (1982). Plaintiffs rely upon the testimony of their testifying experts, Drs. Berlin and Metzner that accepted standards of informed consent require that residents be provided with essential information about anti-androgen medications.

The court in its Findings of Fact and Conclusions of Law discussed and made specific findings concerning the issues raised in the Plaintiffs' Motion. The court found that, while anti-androgen medications can be an important treatment tool, there was a danger that "patients may over-rely on medications as a purported

'cure' and will underutilize cognitive therapy and relapse prevention techniques." (Finding of Fact No. 51). Based on this Finding of Fact the court concluded that "the TDF's [Joliet Treatment and Detention Facility's] use of arousal reconditioning . . . [is] well within the bounds of professional judgment" and the "use of arousal-reducing medications . . . was clearly within constitutional bounds." (Conclusion of Law Nos. 24 and 25).

The main thrust of Dr. Berlin's testimony was his contention that the use of arousal-reducing medication, *i.e.*, an anti-androgen was the most effective known sex offender treatment, and the defendants put too much emphasis on arousal reconditioning to the detriment of anti-androgen medications, which violated accepted standards. However, Berlin was able to cite no literature in support of this contention, but relied upon what he referred to as "the common law of informed consent." Dr. Berlin did not review any of the practices or policies of any of the other SVP facilities across the country. Dr. Metzner merely testified in passing that the consent form in use by the TDF "did not talk about the use of anti-androgens as a treatment option" which he said was "certainly not the only treatment, but for many people in this population it's a very important component of treatment."

In contrast the defendants did produce evidence both documentary and oral that showed quite clearly that Drs. Berlin and Metzner's views were not uniformly held and that there was

significant support for the position that arousal reconditioning ought be tried first before resorting to medications. Appendix D of the ATSA (the Association for the Treatment of Sexual Abusers) standards points out that anti-androgens have not been formally approved by the FDA for use with sexual abusers and carry with them some potentially serious side-effects. The Appendix further pointed out that, while their use has found support in clinical trials, placebo-controlled studies were needed to evaluate their effectiveness in reducing recidivism. The Appendix further recommends that non-physician members should consider pharmacological therapy only after control has not been achieved through sexual arousal reconditioning and deviant sexual arousal remains high. The evidence further showed that the TDF's earlier treatment program, which used sexual arousal reconditioning as the preferred mode of treatment to be utilized prior to resorting to pharmaceuticals, was similar to that employed in other Sexual Violent Programs in the United States.

Furthermore, the evidence shows that the defendants have recently made changes in their treatment programs and informed consent that have increased the use of anti-androgens and other arousal reducing medications as urged by plaintiffs. The informed consent form recently adopted for use at the TDF informs the patient of the availability of anti-androgen medication. Dr. Bednarz, staff psychiatrist at the TDF, testified that he currently

visits Core Treatment groups on a regular basis to discuss the availability of arousal reducing medications.

While the number of TDF residents on medication at the time this suit was filed was very low, the number of residents currently on some form of medication has gone up dramatically so that currently 33 or 34 are on some form of medication, even though as many as half of the residents decline to participate in treatment. As stated by the court in its Findings of Fact, prior to the filing of this lawsuit the TDF may have overestimated the utility of arousal recondition, and underestimated the utility of anti-androgen medication (Finding of Fact No. 52) but that the use of such treatment modalities was not a substantial departure from accepted practices and standards.

For the reasons stated herein, the Plaintiffs' Motion to Alter or Amend Judgment is denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: March 25, 2005