IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 2 6 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

JEFFERY HARGETT, et al.,

    Plaintiffs,

v.

CAROL ADAMS, et al.,

    Defendants.

Case No. 02 C 1456

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court are the Defendants' Motion for Ruling that Plaintiffs' are not entitled to costs and attorney's fees (the "Motion"); Defendants' Bill of Costs; and Plaintiffs' Bill of Costs. The Court **grants** Defendants' Motion and **declines** to award attorney's fees or other costs to either party.

### I. DISCUSSION

Defendants argue that in order for a party to recover any portion of the requested attorney's fees under 42 U.S.C. § 1988, the party must be a "prevailing party" in the litigation. Defendants contend that under case law, Plaintiffs cannot be considered a "prevailing party," and therefore are barred from seeking fees.

Plaintiffs respond that Defendants' motion is an improper procedural motion that results in judicial inefficiency. Plaintiffs argue that Local Rule 54.3 requires Defendants to engage

in a discussion regarding disputed fees or other nontaxable expenses and then enter into a "pre-motion agreement" and "joint statement." Also, Plaintiffs have filed only their bill of costs and not their fee petition, making Defendants' motion premature.

Both Defendants and Plaintiffs agree that Defendants' motion is a "departure from the requirements of Local Rule 54.3." Contrary to Plaintiffs' arguments, however, Defendants' motion is appropriate at this juncture as the Court stated in open court on June 23, 2005. Even though Plaintiffs have not formally filed for attorney's fees, on May 6, 2005 they sent a Local Rule 54.3 attorney's fee petition letter to Defendants. (*See* 5/27/05 Agreed Mot.) Although Defendants include a collateral discussion concerning Plaintiffs' actual fees and costs, this is not the crux of their motion and Defendants agreed to put aside this section for purposes of ruling on the threshold "prevailing party" issue.

Defendants correctly contend that if Plaintiffs are barred from seeking fees because they are not a "prevailing party," then the line-item dispute process of Local Rule 54.3 is unnecessary. To recover attorney's fees, the party must be considered a "prevailing party." *See* 42 U.S.C. § 1988; FED. R. CIV. PROC. 54(d). Therefore, resolution of Plaintiffs' status under the governing law is in the interests of judicial economy and the Court waives the local rule for these purposes. Obviously, if resolved in

Plaintiffs' favor, then the parties should proceed according to Local Rule 54.3's requirements.

## A. Prevailing Party

To recover attorney's fees under 42 U.S.C. § 1988, a party must be a "prevailing party" in the litigation. To be a "prevailing party," a plaintiff must obtain some tangible relief, either in the form of damages or an injunction that "must directly benefit him at the time of the judgment or settlement." *Farrar v. Hobby*, 506 U.S. 103, 110 (1992); *see also Rhodes v. Stewart*, 488 U.S. 1, 4 (1988)(explaining some type of action by defendant is necessary, *e.g.*, "the payment of damages, or some specific performance, or termination of some conduct").

A plaintiff must point to "actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-12. "The relief requirement emphasizes the practical impact of a lawsuit." *Peterson v. Gibson*, 372 F.3d 862, 865 (7th Cir. 2004). A declaratory judgment does not provide the type of relief necessary for a plaintiff to be considered a "prevailing party." *See Rhodes*, 488 U.S. at 4 (finding no prevailing party status to plaintiff who obtained declaratory judgment that prison officials violated plaintiff's First and Fourteenth Amendment rights). The most recent Supreme Court case on this issue, *Buckhannon Bd. & Care*

*Home v. W. Va. Dep't of Health & Human Resources*, stated that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. 598, 605 (2001); *see also Petersen*, 372 F.3d at 866 (adopting *Buckhannon*'s analysis on prevailing party).

### B. Plaintiffs' Status

Defendants voluntarily modified their practices and procedures at the facilities in question before the bench trial. Thereafter, the Court entered judgment in favor of Defendants on all claims except one, and awarded solely declaratory relief on the remaining claim. The Court's judgment did not require modification of Defendants' behavior, nor did it materially alter the legal relationship between the parties. (*See* 1/13/05 Mem. Op. and Order); *see Cady v. City of Chicago*, 43 F.3d 326, 330 (7th Cir. 1994)(denying fees when defendant Chicago removed the objected newsstand and stated that "where a plaintiff obtains a declaratory judgment but is not benefitted by any change of the defendant's behavior toward him, he normally does not qualify as a prevailing party"). Although Plaintiffs may consider Defendants' facility and policy changes to be a favorable outcome, Defendants' actions were not pursuant to Court injunction or other order and therefore do not form the basis for Plaintiffs recovery of fees. *See Fed'n of Advertising Indus. Reps., Inc. v. City of Chicago*, 326 F.3d 924

(7th Cir. 2003)(denying fees where plaintiff was not prevailing party even though city repealed ordinance in question after district court's opinion).

The Court only granted declaratory relief insofar as Defendants *prior* "Special management Status" ("SMS") was unconstitutional. However, the Court did not grant any injunctive relief on this issue because Defendants "made a sufficient showing that the new policy, [taking effect in September 2004], is in fact being implemented at the [Joliet Treatment and Detention Facility]." (1/13/05 Mem. Op. and Order at 40.) Over Plaintiffs' arguments, the Court found "that this litigation has caused a good faith reexamination and change in the insufficient past SMS policy." *Id.* This case falls squarely within *Buckhannon*'s reasoning. Accordingly, the Court concludes that Plaintiffs do not qualify as prevailing parties and cannot pursue recovery of attorney's fees.

### C. Parties Bear Their Own Costs and Attorney's Fees

The Court also will address Defendant's potential recoupment of attorney's fees and both parties' requests for costs. In its discretion, the Court finds that both parties should bear their own costs and fees.

#### 1. *Attorney's Fees*

Attorney's fees are governed by FED. R. CIV. P. 54(d)(2) and 42 U.S.C. § 1988. Section 1988(b) states that "the court, *in its*

*discretion*, may allow the prevailing party . . . a reasonable attorney's fee. . . ." (emphasis added). The ACLU represented the civilly committed and primarily indigent plaintiffs throughout the course of the litigation. During the pendency of the case, Defendants voluntarily revamped many procedures and practices at the facilities where Plaintiffs reside, which mooted most of Plaintiffs' claims. Besides the SMS issue, the remaining claims were unsuccessful at trial, but were of colorable merit. "A prevailing defendant in a case brought under 42 U.S.C. § 1983 may recover attorney's fees from the plaintiff only upon a finding that the plaintiff's action was 'frivolous, unreasonable or without foundation, even though not brought in subjective bad faith.'" *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)(citation omitted); *see also Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 930 (7th Cir. 2000).

To date, Defendants have not filed for attorney's fees. In the interest of judicial economy, the Court concludes that any such attorney fee petition by Defendants would be unwarranted because the action clearly was not frivolous. Likewise, Plaintiffs do not qualify for attorney's fees. *See supra* Section I.B.

### 2. Costs

Costs are governed by FED. R. CIV. P. 54(d)(1) and 28 U.S.C. § 1920. Courts have "'discretion to determine whether and to what extent'" a prevailing party may be awarded its requested costs.

*Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993)(citation omitted); *see also Goldsmith v. Murphy*, No. 02 C 5777, 2005 WL 442230, at *3-4 (N.D. Ill. Feb. 22, 2005) (directing each party to bear its own costs in a mixed result case). However, the Court recognizes the strong presumption that a prevailing party will recover costs. *See Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003) (discussing overcoming the presumption where there is misconduct by the party seeking costs or a pragmatic exercise of discretion when the losing party is indigent). Even so, courts in this district have consistently denied costs to both parties where the plaintiffs are prisoners and filed colorable claims pursuant to 42 U.S.C. § 1983. *See, e.g., Hammond v. Griley*, No. 02 C. 6990, 2004 WL 413293 (N.D. Ill. Jan. 29, 2004)(granting summary judgment because plaintiff did not have "triable eighth amendment claims"); *Greer v. McCurry*, No. 02 C 4326, 2003 WL 21826549 (N.D. Ill. Aug. 5, 2003) (granting defendant's summary judgment motion finding no evidence in support of prisoner's § 1983 medical action); *Berrum v. United States*, No. 02 C 7714, 2003 WL 21078040 (N.D. Ill. May 13, 2003) (finding no due process violation in prisoner's *pro se* civil rights action regarding notice during government property seizure).

Both Plaintiffs and Defendants filed for recovery of costs. This case afforded mixed results for both parties. *See Goldsmith*, 2005 WL 442230, at *3 (concluding that where defendants prevailed on most claims, but plaintiff received monetary relief on at least

one claim, both parties' limited success compels them to bear their own costs). The Court entered judgment in favor of Defendants on all claims (but one) for injunctive and declaratory relief. However, Plaintiffs achieved some measure of change, although not through judicial order, and a favorable declaratory finding on one claim's past practice. For all the above stated reasons, the Court denies Defendants' motion for Bill of Costs.

Plaintiffs are not a "prevailing party" for purposes of recovering attorney's fees under § 1988. See supra Section I.B. In order to recoup attorney's fees and other costs under the statutes and FED. R. CIV. P. 54(d), a party must be the "prevailing party" in litigation. However, Buckhanon suggested that in certain cases the analysis of prevailing party for costs may differ from that of fees because of the presumption in favor of costs. 532 U.S. at 606 n.8; see also Petersen, 372 F.3d at 867-68. The Seventh Circuit has stated that to recover costs, a party must prevail "as to the substantial part of the litigation." See Testa v. Village of Mundelein, Ill., 89 F.3d 443, 447 (7th Cir. 1996) (denying costs to both parties where jury awarded plaintiff $1,500 on malicious prosecution claim, but lost on § 1983 claim). As the Court previously discussed, at best, Plaintiffs achieved mixed results and limited success. Accordingly, in its discretion, the Court also denies Plaintiffs' motion for Bill of Costs.

## II. CONCLUSION

On July 18, 2005, the Court granted the parties' Agreed Motion for Extension of Time related to Defendants' Motion. The Court hereby vacates the Order Re-setting Briefing Schedule. The law on "prevailing party" is clear and the relevant facts concerning the Court's judgment and resolution of Plaintiffs' claims are readily apparent. The parties need not incur any additional costs or time briefing this matter.

Defendants' Motion **is granted** insofar as the Court finds that Plaintiffs are not a "prevailing party" for purposes of fees. Defendants' and Plaintiffs' motions for Bill of Costs **are denied**. The Court directs that both parties bear their own fees and costs.

**IT IS SO ORDERED.**

---
Harry D. Leinenweber, Judge
United States District Court

Dated: July 26, 2005